### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**LA'KEEVIS T. JACKSON**                                                              **PETITIONER**

**v.**                                                    **CIVIL ACTION NO. 3:21-cv-495-KHJ-MTP**

**SHERIFF JODY PENNINGTON**                                              **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] filed by La'Keevis T. Jackson and the Motion to Dismiss [10] filed by Respondent.  Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Motion to Dismiss [10] be GRANTED and that the Petition [1] be DISMISSED without prejudice.

### PROCEDURAL HISTORY

On May 26, 2021, Petitioner was convicted of statutory rape following a guilty plea in the Circuit Court of Newton County, Mississippi. *See* [10-5].  The state court sentenced Petitioner to a term of fifteen years in the custody of the Mississippi Department of Corrections and five years of post-release supervision. *Id*.

A little more than two months later, on July 28, 2021, Petitioner initiated this action by filing a form Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  Thereafter, the Court entered an Order [5], directing Petitioner to clarify his allegations, and in his Response [6], Petitioner clarified that he is challenging his statutory rape conviction in the Newton County Circuit Court.  Accordingly, the Court entered an Order [7], finding that the Petition [1] should be construed as a request for habeas corpus relief under 28 U.S.C. § 2254.

1

On September 23, 2021, Respondent filed a Motion to Dismiss [10], arguing that Petitioner failed to exhaust his remedies in state court prior to filing his Petition [1]. Petitioner did not file a response to the Motion [10], and the time for doing so has passed.[1]

## ANALYSIS

Under 28 U.S.C. § 2254(b)(1), a state prisoner seeking habeas relief is required to first exhaust state remedies. A fundamental prerequisite to federal habeas relief is exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts…state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest

---

[1] On September 13, 2021, the Clerk of Court attempted to mail an Order [8] to Plaintiff at his address of record. The mail, however, was returned as undeliverable. *See* Mail Return [11]. Specifically, the returned mail states as follows: "no longer here." Petitioner has a duty to advise the Court of his current address. In multiple orders, the Court informed Petitioner that his failure to keep the Court informed of his current address may result in the dismissal of his case. *See* Orders [4] [5] [8]. The Petition [1] could be dismissed for Petitioner's failure to comply with these orders, but the undersigned finds that the interests of justice are best served by addressing the Motion to Dismiss [10].

state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (citing *Fisher v. Texas*, 169

F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)).

Further, exhaustion requires a habeas applicant to "'present his claims before the state courts in a

procedurally proper manner according to the rules of the state courts.'" *Id*. (citing *Dupuy v.

Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

Under Mississippi law, Petitioner does not have a right to a direct appeal to the

Mississippi Supreme Court following his guilty plea. *See* Miss. Code Ann. § 99-35-101.[2]

Petitioner, however, does have an available remedy under the Mississippi Post-Conviction

Collateral Relief Act, Miss. Code Ann. § 99-39-1, *et seq*.  Petitioner has three years from the

entry of judgment of his conviction to file a pleading seeking post-conviction relief. *See* Miss.

Code Ann. § 99-39-5(2).  As Petitioner's judgment of conviction was entered on May 26, 2021, a

petition for post-conviction relief remains an available remedy.

Before he filed the instant federal habeas Petition [1], Petitioner did not file a petition for

post-conviction relief in state court.  According to Respondent, the clerk's office for the Circuit

Court of Newton County confirmed that Petitioner has not filed any post-conviction action in

that court.  Additionally, the Mississippi Supreme Court's electronic docket system[3] indicates

that Petitioner has not filed any type of pleading seeking post-conviction relief in that court.

Thus, Petitioner's claims have not been "fairly presented" to the Mississippi Supreme

Court in a "procedurally proper manner," as the state court did not have the opportunity to

consider the merits of Petitioner's grounds for relief. *Mercadel*, 179 F.3d at 275.  As Petitioner

---

[2] "Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed." Miss. Code Ann. § 99-35-101.

[3] *See* https://courts.ms.gov/ (last visited October 13, 2021).

has failed to fulfill the exhaustion requirement of 28 U.S.C. § 2254(b)(1), the Petition should be dismissed without prejudice.[4]

## RECOMMENDATIONS

For the reasons set forth above, the undersigned recommends that:

1. Respondent's Motion to Dismiss [10] be GRANTED and

2. The Petition [1] be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 15th day of October, 2021.

s/ Michael T. Parker
United States Magistrate Judge

---

[4] While courts have discretion under limited circumstances to hold a habeas petition in abeyance while a petitioner exhausts his state court remedies, a stay is not appropriate unless there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner has made no showing of good cause for his failure to exhaust his state court remedies.